Plaintiff Stephen Spencer appeals the decision of the Commissioner CT Page 5689 of Motor Vehicles suspending his operator's license for six months pursuant to General Statutes 14-227b. The appeal is brought pursuant to 4-183. The court finds the issues in favor of the defendant Commissioner of Motor Vehicles.
In his brief and at oral argument, the plaintiff has asserted a single basis for his appeal. He contends that there was insufficient evidence for the hearing officer to find that the police officer was legally entitled to stop the plaintiff prior to developing probable cause for his arrest on the drunk driving charge.[1]
At the administrative hearing, the police officer did not testify but his report of the plaintiff's arrest was made part of the record. The police officer's report states that he was directing traffic at the intersection of Martin and Center Streets in Wallingford, when a woman approached and told him that "there was a large Stateline Snack truck being operated erratically (sic). The woman told me she was directly behind the truck and at one point the operator stopped and got out of the truck and stumbled around awhile before getting back into the truck and continuing to drive." The report also states that "[t]he woman told me that the operator of the truck was highly intoxicated and was nearly falling down as he got out of his truck." The informant said the truck was being operated on Martin Avenue. Soon thereafter a truck such as described by the woman appeared, emerging from Martin Avenue, and the police officer stopped it. Upon further investigation, additional facts were developed which provided probable cause for the arrest of the operator, who was the plaintiff, on the drunk driving charge.
The police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184 (1990). "Reasonable cause for a stop can be based on information supplied by a third party even though the informant's unverified tip may not supply probable cause for issuance of an arrest warrant. `The fourth amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape.'" State v. Holloman, 20 Conn. App. 521,525 (1990). (Citation omitted.) A further bedrock rule of the scope of this court's review is that "[j]udicial review of the commissioner's action . . . is very restricted . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by CT Page 5690 him." Lawrence v. Kozlowski, 171 Conn. 705 (1976).
Applying the standards set forth above to the facts of this case, the court concludes that the hearing officer was justified in finding that the police officer lawfully stopped the plaintiff based on his reasonable suspicion that the plaintiff was operating a vehicle while under the influence of intoxicating liquor. Indeed, in the court's opinion, the officer would have been responsible if he had not stopped the vehicle under these circumstances.
This court's previous ruling in Field v. Goldberg [7 CSCR 140, 1992] does not compel a different result in this case. In that case, there were no facts brought to the attention of the police that would reasonably allow them to suspect the accused of any wrongdoing.
The plaintiff's appeal is dismissed.