[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO JOIN DEFENDANTS
This is a motion based on sections 52-102 and 52-572h of the General Statutes to join as defendant the parents of the named plaintiff, Adam Haims. The plaintiffs are Adam Haims, who brought this action by his father, Daniel Haims, for personal injuries, and Daniel Haims, individually, for payment of medical expenses incurred for the minor child. The defendants are the distributor and manufacturer of a home exercise treadmill. The minor plaintiff was injured when playing in the vicinity of the treadmill which was in use by his father. The defendant, Omni Fitness Equipment Specialists ("Omni"), claims that the negligent conduct of the child's parents, Daniel Haims and April Haims, contributed to the child's injury. Attached to the motion to join the parents as defendants is a cross complaint which Omni wants to serve on the parents.
The plaintiffs have objected to the motion on two grounds: (1) the parental immunity doctrine bars an action for a child against his parents for negligent supervision; and (2) there is no contribution among joint tortfeasors. The defendant Omni concedes in its brief, however, that it is not requesting either indemnification or contribution by the plaintiff's parents, so the second claim is not an issue here. Omni's position is that it is entitled to an CT Page 1802 apportionment of liability under section 52-572h of the General Statutes between all persons whose conduct resulted in the injury to the minor child and that under the version of the statute governing injuries incurred after October 1, 1987 it is necessary to join all responsible persons as parties in order for their percentage of negligence to be considered by the trier.
The effect of the parental immunity doctrine upon joinder of parents as parties in a negligence action was considered in Bueno v. Duva, 7 CSCR 919 (1992), an action for negligence where a child on a bicycle was struck by an automobile. In that case, a parent sued on behalf of the child and individually for medical bills. As a result of the parental immunity doctrine an unemancipated minor cannot sue his parent for injuries caused by the negligence of that parent. Dubay v. Irish, 207 Conn. 518, 523; Dzenutis v. Dzenutis 200 Conn. 290, 293. The parental immunity doctrine continues to apply where the alleged negligent conduct involved the exercise of parental authority or supervision. Dubay v. Irish, supra, 526. As a result, the child cannot recover from either his mother or father for any negligent conduct on their part in supervising the child even if it contributed to the injury. In Bueno v. Duva, supra, the court concluded that even though a direct claim by the child against the parent would be barred by the parental immunity doctrine, the negligence of a parent who is a party to the case can be considered when the trier determines the percentages of negligence under section 52-572h(f) of the General Statutes, and the proportional share of damages for which the defendant is liable under subsection (d) of the same statute. In that case, however, the child's mother, which the defendant claims did not properly supervise the child, was already a party to the action individually and as parent of the named plaintiff. The same situation exists here as to Daniel Haims. However, April Haims is not a party.
The fact that this is a product liability claim under section 52-572m et seq. of the General Statutes does not preclude the apportioning of negligence among parties under section 52-572h, since section 52-572o allows the reduction of damages in a product liability case by the percentage of negligence of the claimant, and requires the court to specify the proportionate amount of damages allocated against each CT Page 1803 party liable according to the percentage of responsibility established for that party.
At the same time that section 52-572h was amended by section 3 of Public Act 87-227, section 52-102 was amended by section 10 of the same statute to read:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
The last provision was added by section 10 of Public Act 87-227. As previously noted, the parents are not liable to the named plaintiff because of the parental immunity doctrine. Since section 52-102 and 52-572h were amended by the same Public Act, they must be construed together. Accordingly, the child's mother, April Haims, cannot be joined as a defendant in this action. The child's father is already a party and does not have to be joined as a party in order to have his percentage of negligence determined under section 52-572h. Bueno v. Duva, supra. Moreover, section52-102 is only used to bring in persons who are not presently parties to the action.
The procedure to bring in additional persons in order to apportion liability under section 52-572h has been discussed in several cases. See Baker v. Franco, 7 Conn. L. Rptr. 621
(1992) and cases cited therein. As discussed in Baker v. Franco, the apportionment of liability among defendants does not require any claims to be made against the proposed additional parties. Also, in this case, the plaintiff-child cannot assert claims against either of his parents, and the named defendant concedes that it does not request either indemnification or contribution from the parents, but only apportionment of liability under the statute. For this reason, the proposed cross complaint should not be served. CT Page 1804
Since one of the parents is already a party and the other parent cannot be joined as a defendant, neither of them can be added as parties under section 52-102 or its counterpart in section 85 of the Practice Book. Assuming the evidence at trial shows that some negligence on the part of Daniel Haims may have contributed to the injury to his child, his proportional share of liability can be considered by the trier under section 52-572h even though no judgment can be entered against him. The motion to join the parents as defendants is denied.
Robert A. Fuller, Judge