[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Christopher Hicks and Deborah Hicks (hereafter "Hicks"), filed a two count complaint against the defendant, Suzanne Boccuzzi (hereafter "Boccuzzi"). In the first count, Hicks alleges that he, as a result of the negligence and carelessness of the defendant, "was struck by a vehicle operated by Boccuzzi causing him to suffer serious, painful and permanent injuries." In the second count, they allege a loss of consortium.
On March 13, 1992, Hicks' employer, The F.A. Bartlett Tree Expert (hereafter "Bartlett"), filed a motion to intervene accompanied by an intervening complaint because "[b]y virtue of the workers' compensation act, the intervenor has paid and become obligated to pay large sums to and on behalf of the plaintiff." It continued that any damages recovered in this action should be so paid and apportioned that it will be reimbursed the amounts it paid and become obligated to pay to or on behalf of the employee under the Workers' Compensation Act.
One year later, Boccuzzi filed a motion to cite in Bartlett as a party defendant. According to Boccuzzi, the accident may not have occurred if she had not been advised to proceed down the roadway by the employee of F.A. Bartlett Tree Expert. As a result, she alleged that it is necessary to add Bartlett as a co-defendant pursuant to section52-102(2), because without Bartlett the court would be unable to allocate responsibility for Hicks' injuries among persons responsible for them under section 52-572h of the General Statutes.
Shortly thereafter, Bartlett filed a memorandum in opposition to the motion to cite in arguing that the court CT Page 3952 should deny the motion because Bartlett is already a party to the action, and because Boccuzzi may not raise the negligence of the intervening plaintiff.
Boccuzzi's purpose in citing in Bartlett as a party defendant is required for purposes of General Statutes, Sec.52-572h(c), which provides, inter alia, that "each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages. . . ."
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . . General Statutes, Sec. 52-102.
However, Bartlett postulates that the court need not make a party defendant in order to apportion damages because the intervening plaintiff is already a party to the action.
 `Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial courts.'[Citation omitted.] `Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues.'
(Citation omitted.) Stoughton v. Sabolcik,6 Conn. L. Rptr. 460
(June 22, 1992, Pickett, J.). This court is persuaded by Stoughton which denied the motion to cite in because the party sought to be cited in was already a party plaintiff to the action. It necessarily follows that motion to cite in Bartlett, who is already a party to the action, should be denied.
Assuming, arguendo, that even if the court were to grant CT Page 3953 Boccuzzi's motion to cite in, she may not cite in the employer in the present action. General Statutes, Sec.52-102 and Practice Book, Sec. 103 provide that a person may only be made a party to the action "provided no person who is immune from liability shall be made a defendant in the controversy." (Emphasis added.) "Section 52-572h(c) was intended to equitably distribute recovery proportionate to fault; it is not intended to waive statutory immunity enjoyed by employers. If the General Assembly had intended to degrade Workers' Compensation Act, it could have done so pointedly and directly." Samuels v. Stumbers,3 Conn. L. Rptr. 437 (February 22, 1991, Spada, J.). In the present case, Bartlett intervened pursuant to Sec. 31-293(a) which provides, in relevant part, that if either employee or employer brings action against such third person, he shall immediately notify the other, in writing, by personal presentation or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification. In addition, Sec. 31-293
provides that if any damages are recovered, the damages shall be so apportioned that the claim of the employer shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery.
 The employer's cause of action under section 31-293
is entirely statutory, and there is no provision in the statute for any reduction in the amount of the right to reimbursement of the employer based upon any negligence on the part of the employer. Some cases have held that the negligence of the employer can be alleged as a special defense by the third party. Cirrito v. Continental Can Co.,519 F. Sup. 638, 643 (D. Conn. 1981); DeSantis v. Gaudioso, [39 Conn. Sup. 222] . . . 225. These decisions do not take into account the concept recognized in Lukas v. New Haven, [184 Conn. 205] . . . 212, that comparative negligence under section 52-572h does not apply to a statutory cause of action. The better view is that the employer's negligence does not bar a recovery if the employee would otherwise have a right to recover from the third party. (Citations omitted.)
CT Page 3954
Air Flo v. Consolidated Engineers Constr., Judicial District of Danbury, Docket No. 30 49 11 (January 13, 1992, Fuller, J.). "This result is also consistent with the result in a significant majority of other states where direct negligence of the employer, not based on vicarious liability, does not bar an action against the third party if there is a statutory right to recover compensation payments made to the employee. [Citation omitted.] The reason for this is that the employer's claim is based on a statute and not equitable or subrogation principles that the subrogee must not himself be at fault or guilty of contributing to the loss on which he sues." Air Flo v. Consolidated Engineers 
Constr., supra. (Citations omitted.) Accordingly, Boccuzzi's motion to cite in the intervening plaintiff as party defendant is denied.
Moraghan, J.