[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Charles White, filed a complaint on February 27, 1991, alleging that he was injured when the defendant Reginald Brown (Brown) was operating a vehicle and negligently struck the car in which the plaintiff was a passenger. The plaintiff also brought suit against B J.W. Car Rental, Inc. d/b/a Ugly Duckling Rental Car (BJW), the lessor of Brown's car, and Lucinda Tarr (Tarr), the lessee of the car.
On November 23, 1992, the court granted a "Motion to Cite Additional Defendant" filed by defendant BJW and ordered service of a third-party complaint on Leymond E Jones, (Jones) the owner and operator of the vehicle in which the plaintiff was a passenger. On November 11, 1992, BJW refiled its motion to cite additional defendant because it had been unable to locate Jones for timely service of the third-party complaint. The court again granted BJW's motion, and on December 2, 1992 Jones was served with a two count third-party complaint in which the third-party plaintiffs BJW and Tarr seek indemnification and contribution. Although the Motion to Cite in an additional defendant was brought only by the defendant BJW, the third party complaint served on Leymond E. Jones list the defendant Lucinda Tarr as a plaintiff
On February 10, 1993, the third-party defendant, Jones, filed a motion to strike the third-party complaint with an accompanying memorandum of law. The third-party plaintiffs filed an objection with an accompanying memorandum of law on March 3, 1993.
The motion to strike tests the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 491 A.2d 368
(1985). It admits all facts well pleaded, and the court must construe the challenged pleadings in a manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6
CT Page 4390 (1980).
The third-party defendant Jones moves to strike both counts of the third-party complaint on the grounds that the claims for indemnification (count one) and contribution (count two) are precluded in this case by Connecticut law. Mr. Jones argues in his memorandum of law in support of his motion that the third-party plaintiffs have failed to allege in count one an independent legal duty owned to them by the third-party defendant. Relying on Atkinson v. Berloni, 23 Conn. App. 325, 327,580 A.2d 84 (1990), Mr. Jones argues that such an independent legal duty is is a necessary element of an indemnification cause of action.
As to count two, the third-party defendant Jones argues that a claim for contribution pursuant to General Statute 52-572h
would be premature in that a right to contribution pursuant to this statute does not arise until a party has been required to pay more than its proportionate share of a judgment.
The third-party plaintiffs argue that the case of Atkinson v. Berloni, supra, has not been adopted by the Connecticut Supreme Court and that they have sufficiently plead the required elements for indemnification as enumerated in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 416, 207 A.2d 732 (1965). with regard to count two, the third-party plaintiffs also argue that a majority of the superior courts decisions in Connecticut have allowed an action for contribution prior to a judgment being rendered in the original action. They further argue that Jones as one of the operators of the two cars involved in the collision, is a necessary and indispensable party to the action.
In Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982), the court held that indemnification based on the theory of active/passive negligence requires the party seeking indemnification to prove the following elements for finding that another party has been primarily negligent:
 (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied CT Page 4391 on the charged party to act without negligence.
In Atkinson, supra, the Appellate Court added a fifth element to indemnification claims. "Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id., 327. Since the addition of this fifth element by the appellate court in Atkinson, several superior court cases have specifically held that an indemnification claim must include a claim that the alleged indemnitor owed the indemnitee a duty based upon an independent legal relationship. See Watson v. Boykin, 7 CTLR 261, 2612 (August 26, 1992, Burns, J.); Intertown Realty Company v. New England Heating Cooling, Inc., 6 CTLR 404, 405 (May 8, 1992, Miano, J.).
The third-party plaintiffs have failed to allege a legal duty arising out of an independent legal relationship between themselves and the third-party defendants. Accordingly, the third-party defendant's motion to strike the third-party plaintiffs' claim in the first count of the Third Party Plaintiff's Complaint is granted.
Count two of the third-party plaintiffs' complaint states in paragraph (12) that: "The allegations contained herein are plead in accordance with Connecticut General Statutes 52-572(h)."
The court believes that because there is no statute52-572(h), the third-party plaintiffs intended a reference to General Statutes 52-572h(h). Subsection (h) of 52-572h provides that:
 "[1] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. . . (2) An action for contribution shall be brought within two years after the party seeking contribution has made final payment in excess of his proportionate share of the claim."
(Emphasis added.)
In paragraph (3) of their prayer for relief, the third-party plaintiffs seek "an apportionment of damages, if any, between CT Page 4392 themselves and Leymond E. Jones." Although the third-party plaintiff and the third-party defendant argue that the second count is a claim for contribution under 52-572h(h), given the third-party plaintiffs' argument in the memorandum of law in opposition to the motion that "Tort Reform sought to allocate the percentage of fault of all parties" and in the third party plaintiffs' prayer for relief, wherein it claims an apportionment of damages, if any, between it and Jones, it would appear that the third-party plaintiff actually seeks an apportionment of liability for the plaintiff's damages among all defendants. However, the third-party plaintiffs have replied to the third-party defendant's motion to strike arguing that the majority of superior court cases have held that an action for contribution does exist.
The third-party plaintiffs' "Motion to Cite Additional Defendant" was brought pursuant to General Statutes 52-572(h) and52-102 and Connecticut Practice Book 85. The third-party plaintiffs erroneously cite these sections as permitting the impleading of the third parties. Connecticut General Statutes52-102, which is titled "Joinder of persons with interest adverse to plaintiff and of necessary persons," provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
Practice Book 85 is similarly entitled, "Joinder of Parties-Interested Persons as Defendants." It provides:
 Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party. (See Gen. CT Page 4393 Statutes., 52-102 and annotations.)
General Statutes 52-102a, which provides for the impleading of a third-party by a defendant, states subsection (a):
 [a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . . . (Emphasis added.)
General Statutes 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
(Emphasis added.)
In Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1990), Maloney, J.), the court permitted the defendant to cite into the plaintiff's action as a party defendant, pursuant to 52-102, an individual not sued by the plaintiff. The court noted that the individual to be cited in was a necessary party for a complete determination of apportionment of liability under Connecticut General Statute 52-572h and that a motion to cite in pursuant to Connecticut General Statute 52-102, not a motion to implead pursuant to 52-102a, was the proper vehicle to bring that party into the action. The court in Capellan did not favor the use of Connecticut General Statute 52-102a because that statute allows a defendant to implead a third person who may be liable to the defendant for all or part of the plaintiff's claims, not for liability to the plaintiff. Howard v. Capellan, supra, 69; see also Knapik v. Hanson, 6 CTLR 392 (May 20, 1992, Cofield, J.); CT Page 4394 Blanchette v. Pennington, 6 CTLR 358 (April 15, 1992, Austin, J.).
In Lombardi v. Johnson, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee), the court denied without prejudice the defendant's motion to cite in an additional party pursuant to Connecticut General Statute 52-102. Although recognizing that "[w]hat is now Connecticut General Statutes 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault," Judge Healey held that the defendants should file a third-party complaint against the non-defendant tortfeasor seeking contribution. Other courts, however, have held that because a party is only entitled to contribution under Connecticut52-572h(g) and (h) after judgment, the proper procedure to bring a person into a suit for the purpose of apportioning liability is to have the defendant move to cite in that person, pursuant to Connecticut 52-102, as a party defendant in the original plaintiff's action. See Knapik v. Hanson, supra; Downs v. Tores,4 Conn. L. Rptr. 487 (August 29, 1991, Hennessey, J.); Rondeau v. Ritenour, 1 Conn. L. Rptr. 413 (March 28, 1990, Spear J.).
Therefore, given the requirement of 52-572h(g) and (h) that there be a judgment before one party may seek contribution from a non-paying party, those decisions that hold that a defendant cannot secure an apportionment of damages under 52-572h(c) by impleading a third-party defendant for contribution but must move to cite in that third party as a party defendant in the original plaintiff's action are more persuasive.
Therefore, to the extent that the second count of the third-party complaint seeks contribution for any judgment paid by the defendants BJW and Tarr to the plaintiff, the third-party defendant's motion to strike is granted on the ground that contribution is not available until judgment has been rendered in the plaintiff's action. See Connecticut General Statutes52-572h(g) and (h). To the extent that count two seeks apportionment of damages, the proper vehicle to make Jones a party in the original action for the purpose of apportionment of damages, as provided for in General Statutes 52-572h(c), is a motion to cite in pursuant to 52-102, accompanied by an order that the plaintiff amend his complaint to state Brown's interest in the action and to summon him to appear as a defendant.
Therefore the third party defendant's (Leymond E. Jones') CT Page 4395 Motion to Strike the first and second counts of the third party plaintiffs' BJW Car Rental Inc., d/b/a Ugly Duckling Rent A Car and Lucinda Tarr's complaint is granted.
WILLIAM J. SULLIVAN, J.