[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN PARTY DEFENDANTS
The plaintiffs, Daniel Storti (Daniel) and his wife, Donna Storti, filed a two-count amended complaint on March 12, 1993. The complaint arises from an incident which occurred October 27, 1990 when Daniel was assaulted by three CT Page 7073 men while in the parking lot of the Crystal Mall, a shopping center in Waterford, Connecticut. The defendants are Crystal Mall Associates Limited Partnership, Waterford Associates L.P., Partnership and the General Partners of Crystal Mall Associates Limited Partnership and/or Waterford Associates, Limited Partnership, d/b/a Waterford Associates of Massachusetts Limited Partnership, William H. McCabe, Stephen R. Karp, and Stephen Plumeri (hereinafter the "defendants"), who the plaintiffs allege own, operate and control the shopping center parking lot. Daniel alleges in the first count that the defendants negligently failed to provide adequate security in the parking lot. Donna seeks damages for loss of consortium in the second count.
The defendants filed a motion to cite in Daniel's assailants as defendants pursuant to General Statutes52-102. The defendants argue that it is necessary to cite in his assailants as defendants "so that a complete assessment of the percentage of responsibility of all parties to this action can be made pursuant to General Statutes52-572(j)."[1]
The plaintiffs objected to the defendants' motion and argue first, that the defendants' right to cite in a party has been barred by the statute of limitations, and second, that the assailants have no interest in the controversy.
General Statutes 52-102 provides in pertinent part:
 "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from CT Page 7074 liability shall be made a defendant in the controversy."
The defendants seek to cite in the three persons who assaulted Daniel Storti so as to apportion liability pursuant to General Statutes 52-572h. The plaintiffs' argument that the defendants' motion to cite in the assailants is barred by the statute of limitations fails, as any civil liability that the assailants would incur would be based on an intentional tort rather than in negligence. The applicable statute of limitations is General Statutes 52-577
which states that "[n]o action founded upon a tort shall be brought but within three years. . . ." As Daniel was assaulted on October 27, 1990 and the defendants filed their motion to cite in on April 12, 1993, the statute of limitations does not bar the defendants' motion.
However, the defendants' motion must be denied on another ground. Connecticut's Comparative Responsibility Statute, General Statutes 52-572h, which allows apportionment of responsibility among joint tortfeasors, only applies to negligent parties. "In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share. . . ." (Emphasis added.) General Statutes 52-572h(c).
As such, it is evident that General Statutes52-572h(c) does not allow the defendants to apportion liability among themselves and the plaintiff husband's assailants. Therefore, the assailants do not have an interest in this controversy adverse to the plaintiffs nor are they necessary for a complete determination of settlement of any issue in this case. This forecloses permissive admission of the assailants as parties under 52-102(1) and their mandatory admission under 52-102(2). Accordingly, the defendants' motion to cite in the assailants must be and is denied.[2]
Teller, J.