[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO MOTION TO CITE-IN PARTY DEFENDANT
On September 16, 1993, the plaintiffs, Richard Engel and Brian Engel, filed a four count complaint alleging that Ana Pinheird and Jose Ferreira (hereinafter "defendants") were CT Page 1687 liable in damages for personal injuries sustained by the plaintiffs as a result of an automobile collision.
In the first count, plaintiff, Richard Engel, alleges negligence against the defendant operator, Ana Pinheird, in that while operating his motor vehicle, defendant, Ana Pinheird, improperly turned across his right of way, resulting in her colliding with the driver's side of his vehicle.
The second count, also brought by Richard Engel, alleges negligence against the defendant owner of the vehicle, Jose Ferreira, in that as owner of the vehicle, he is responsible for the injuries caused to plaintiff, Richard Engel, as a result of the negligence of the defendant operator, Ana Pinheird.
The third count is brought by the paternal plaintiff, as parent and guardian of his minor son, plaintiff, Brian Engel, and alleges negligence against the defendant operator, Ana Pinheird.
Finally, the fourth count, also brought by the paternal plaintiff as parent and guardian of his minor son, alleges negligence against the defendant owner, Jose Ferreira.
On October 1, 1993, the defendants filed an answer. By way of special defense, defendants allege contributory negligence against plaintiff, Richard Engel.
On November 24, 1993, the defendants filed a cross claim, alleging, inter alia, that the minor plaintiff's injuries and damages were proximately caused by the negligence and/or carelessness of plaintiff, Richard Engel. In their cross claim, defendants seek (1) an allocation of the proportionate share of negligence attributable to Richard Engel, and (2) an assessment pursuant to Connecticut General Statutes Sec. 52-572
(h), of Richard Engel's proportionate share of any recoverable damages which may be awarded to him.
Also, on November 24, 1993, the defendants, pursuant to General Statutes, Sec. 52-102 and Practice Book, Sec. 85, filed a motion to cite-in as party defendant plaintiff, Richard Engel, for the determination of his proportionate share of liability. Attached to the defendants' motion is a supporting memorandum of law. CT Page 1688
The plaintiffs have objected to the defendants' motion and have, accordingly, filed a memorandum of law in opposition.
General Statutes, Sec. 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
Practice Book, Sec. 85 provides:
 Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party.
In their memorandum of law in support of their motion to cite-in Richard Engel, defendants argue that in order for the jury to determine the percentage of negligence, if any, attributable to Richard Engel, it is necessary to make him a party defendant in the instant action.
Conversely, plaintiffs argue in their opposition memorandum that section 52-102 is only used to cite-in individuals who are not presently parties to an action. Plaintiffs argue that since Richard Engel is already a party to the present action, he cannot be added as a party defendant pursuant to section 52-102.
General Statutes, Sec. 52-102 "is only used to bring in persons who are not presently parties to the action." Haims v. Omni Fitness Equipment Specialists, 8 CSCR 268, 269 (February CT Page 1689 18, 1993, Fuller, J.). This jurisdiction, and others like it, have held in accordance with this rule. See Hicks v. Boccuzzi, 8 CSCR 551 (April 23, 1993, Moraghan, J.); Longo v. Calovis, Judicial District of New London at New London, No. 519479 (April 14, 1992).
Since Richard Engel is already a party to the action, he cannot be added as a party to this action under section 52-102, or its counterpart, Practice Book, Sec. 85. Therefore, the objection is sustained.
Stodolink, J.