[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought these two wrongful death actions[1]
the first of which is against the defendants Konover Management Corporation, Konover and Associates, Inc., First Federal Bank and Stop and Shop Holdings, Inc. and Bradlees, Incorporated (Docket #106739), and the second of which is against Simon Konover (Docket #105837), alleging that on December 16, 1989, one Sederick Cobb raped and murdered the plaintiff's decedent after abducting her from the parking lot of a shopping center at CT Page 6337 410 Reidville Drive, Waterbury, Connecticut, which is managed, controlled and operated by the defendants Konover Management Corporation and owned by Simon Konover. Mr. Cobb was convicted of murder for the incident and is currently serving his sentence in Somers Correctional Facility. In both wrongful death actions, sounding in premises liability, the plaintiff alleges that the decedent's death was caused by the defendants' negligent failure to provide adequate security for the parking lot.
On April 21, 1994, the defendants in both actions filed motions to cite in as an additional defendant, pursuant to General Statutes § 52-102, the assailant Sederick Cobb in order to apportion his responsibility for the plaintiff's damages pursuant to General Statutes § 52-572h. The plaintiff objects to both motions on the basis that the motions to cite in are untimely, arguing that the statute of limitations for wrongful death actions, pursuant to General Statutes § 52-555, requires the motion to cite in to be filed within two year from the date of death, December 16, 1989.
General Statutes § 52-102 provides as follows:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
The defendants argue that Cobb should be made a party to the action in order to effectuate an assessment of his percentage of responsibility for the plaintiff's wrongful death action, pursuant to General Statutes § 52-572h.
As noted above, the plaintiff argues that the motion to cite in should be denied because the statute of limitations for wrongful death actions, pursuant to General Statutes § 52-555, requires the motion to cite in to be filed within two year from the date of death, which was December 16, 1989. However, the CT Page 6338 cases cited by the plaintiff stand for the proposition that a party may not apportion liability against a cited in defendant when the action against the cited in defendant is barred by the appropriate statute of limitations. See Zollner v. Hamilton,8 Conn. L. Rptr. 556 (April 2, 1993, Stanley, J.) (granting summary judgment based on the statute of limitations defense brought by the defendant who was cited in for purposes of apportionment after the statute of limitations had run);Belanger v. Maynard, 6 Conn. L. Rptr. 553, 554 (June 25, 1992, Berger, J.) (same proposition). In the cases cited by the plaintiff, the motions to cite in the additional defendants were granted, and the cited in defendants were required to raise the statute of limitations by way of a special defense and summary judgment. As the defendants argue, however, some courts have allowed defendants to be cited in pursuant to General Statutes § 52-102 and § 52-572h after the statute of limitations has run for the purposes of apportioning liability when no money damages were sought from the cited in defendants. Krynitsky v. Dietiker,8 Conn. L. Rptr. 537 (March 26, 1993, Rush, J.) (statute of limitations does not bar a claim of apportionment when no money damages sought); Vinci v. Sabovic, 8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.) (statute of limitations does not constitute a defense to a claim of apportionment asserted against cited in defendants when no money damages are sought); Kennedy v.Martinez, 7 Conn. L. Rptr. 354 (September 17, 1992, Rush, J.) (same proposition).
However, a claim of apportionment may only be asserted between negligent parties. Storti v. Crystal Mall Assoc. Ltd.Partners, 8 CSCR 922 (August 10, 1993, Teller, J.). InStorti, the plaintiff was assaulted by three assailants in the parking lot of the Crystal Mall, which was owned, operated and controlled by the defendants. The plaintiff's complaint, sounding in premises liability, alleged that the defendants negligently failed to provide adequate security. The defendants moved to cite in the plaintiff's assailants pursuant to General Statutes § 52-102, arguing that it was necessary to cite in the assailants as parties to the action in order to assess the percentage of all parties' responsibility for the plaintiff's injuries pursuant to General Statutes § 52-572h.
The court, Teller, J., held that
 the defendants' motion must be denied. . . . Connecticut's Comparative Responsibility Statute, General CT Page 6339 Statutes § 52-572h, which allows apportionment of responsibility among joint tortfeasors, only applies to negligent parties. "In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share. . . ." . . . General Statutes § 52-572h(c).
 As such, it is evident that General Statutes § 52-572h(c) does not allow the defendants to apportion liability among themselves and the plaintiff['s] . . . assailants. Therefore, the assailants do not have an interest in this controversy adverse to the plaintiff['s] nor are they necessary for a complete determination of settlement of any issue in this case. This forecloses permissive admission of the assailants as Parties under § 52-102 (1) and their mandatory admission under § 52-102 (2). Accordingly, the defendants' motion to cite in the assailants must be and is denied.
(Footnote omitted; emphasis added.) Id., 922-23.
In the present cases, the defendants' motions to cite in Sederick Cobb assert that "[t]he factual basis for [the motions] is that Mr. Cobb is the individual who murdered the plaintiff's decedent." Thus, the defendants seek to have Cobb cited into the cases in order to determine his proportional share of responsibility for the plaintiff's damages, based on the fact that he intentionally assaulted and murdered the plaintiff's decedent. General Statutes § 52-572h allows apportionment only when "the damages are determined robe proximately caused by thenegligence of more than one party." Here defendants seek to cite in the assailant in order to apportion his responsibility for the plaintiff's damages caused by an intentional, rather than negligent act. Since the act in this case is an intentional act, rather than a negligent act, the defendants' motions to cite in an additional defendant are denied.
/s/ William J. Sullivan, J. -------------------------- WILLIAM J. SULLIVAN