[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO REARGUE AND RECONSIDER
The plaintiff moves for permission to reargue and reconsider plaintiff's objection to the defendant's motion to cite in an additional party. This court granted the motion with respect to the request to reargue.
This is a medical malpractice action against the defendant, John M. McHugh, D.P.M. The plaintiff claims that he sustained damages resulting from allegedly negligent treatment administered by the defendant. The defendant successfully moved to cite in the health care providers who subsequently administered treatment to the plaintiff for the injuries allegedly occasioned by the defendant's negligence. This court held that, for the purpose of apportionment of fault pursuant to General Statutes § 52-572h(c), all persons potentially liable for the plaintiff's injuries and aggravations thereof should be made party defendants to the plaintiff's action. Stowe v.McHugh, 12 Conn. L. Rptr. 485 (September 29, 1994, West, J.). The court ordered the plaintiff to amend his complaint to state the proposed defendants' interests in the litigation and to summon them to appear as defendants. Id., 486.
The plaintiff does not seek reconsideration of the issue of whether apportionment should apply between initial and subsequent tortfeasors. The plaintiff however, seeks reconsideration of the court's order requiring the plaintiff to amend his complaint to state the proposed defendants' interest in the litigation and to summon the proposed defendants to appear as parties. The plaintiff argues that General Statutes § 52-190a prohibits the plaintiff from complying with the court's order because the plaintiff does not have a good faith CT Page 749 belief that there has been negligence with respect to the treatment provided by the proposed defendants. The plaintiff argues that the defendant should be ordered to serve a third party complaint on the proposed defendants.
General Statutes § 52-190a provides in relevant part that
 [n]o civil action shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.
(Emphasis added.) As noted in this court's prior memorandum of decision, "the proper vehicle [for a defendant] to make [a person] a party in the original action for the purpose of apportionment of damages, as provided for in General Statutes § 52-572h(c), is a motion to cite in pursuant to § 52-102, accompanied by an order that the plaintiff amend his complaint to state [the proposed defendant's] interest in the action and to summon him to appear as a defendant." White v. B.J.W. CarRental, 8 CSCR 565 (May 3, 1993, Sullivan, J.).
A request for apportionment of liability by the defendant is not a claim asserting monetary damages against the proposed defendants, but merely seeks to apportion the defendant's share of responsibility with the other potentially responsible parties. See Vinci v. Sabovic, 8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.) (additional defendants against whom statute of limitations bars claim for monetary damages may be cited in for claim of apportionment because apportionment claim "does not seek to impose monetary damages upon the additional defendants"); Kennedy v. Martinez, 7 Conn. L. Rptr. 354
(September 17, 1992, Rush, J.) (same proposition).
This court's order dictating that the plaintiff amend the complaint to state the proposed defendants' interests in the litigation does not require the plaintiff to assert claims for monetary damages against the proposed defendants. Rather, in order to comply with the court's order if the plaintiff does not wish to assert claims for monetary damages against the CT Page 750 additional defendants, the plaintiff need only allege that the proposed defendants have been cited in as party defendants for the purposes of apportionment pursuant to the court's order granting the original defendant's motion. Consequently, General Statutes § 52-190a is not implicated. Therefore, it is submitted that the court deny the plaintiff's request to reconsider.
In accordance with the foregoing, plaintiff's request to reconsider is denied.
WEST, J.