[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action was brought on behalf of the minor plaintiff, Samantha Mitchell, by her parents Robert and Jodi Mitchell. Robert Mitchell, III, and Jodi Mitchell allegedly entered into contract with the defendant, Ensign Bickford Haz-Pros, Inc., wherein the defendant agreed to remove lead paint from the plaintiffs' residence. The plaintiffs allege that the defendant negligently performed the contract, and as a result, the minor plaintiff suffered lead poisoning.
The defendant moved pursuant to General Statutes § 52-102
to cite in as defendants Robert Mitchell, III, Jodi Mitchell and Robert Mitchell, Jr., the grandfather of Samantha Mitchell and the owner of residence in question. The defendant alleges in its revised motion to cite in, filed February 15, 1995, that the plaintiff Robert Mitchell, III, entered the sealed areas of the residence in which the lead abatement was being performed without wearing protective gear or taking the necessary precautions to prevent the removal of lead contaminants, and thus exposed his minor daughter to lead substances on his person, clothing and shoes. In addition, Robert Mitchell, III allegedly failed to take precautions necessary to avoid risk of CT Page 8159 lead poisoning when he performed work on interior doors in the residence. The defendant also alleged that Robert Mitchell, III and Jodi Mitchell were negligent in permitting the minor plaintiff to enter the residence without exercising reasonable care to make the residence safe by abating lead contaminated areas in the residence, when the parents knew or should have known of the presence of lead contaminants. Robert Mitchell, Jr., is alleged to have controlled or possessed the premises at all times relevant to the complaint, and was allegedly negligent in failing to abate the hazardous lead contamination, when he knew or should have known of such contamination.
The defendant also alleges that Robert Mitchell, III, recklessly disregarded his child's safety by performing the work on the residence without taking the necessary precautions to prevent lead contamination.
The plaintiffs object to the motion to cite in with respect to the plaintiffs Robert Mitchell III and Jodi Mitchell on the ground that they are immune from suit as the parents of the plaintiff, an unemancipated minor, under the doctrine of parental immunity. Accordingly, the plaintiffs argue that, based on the express language of General Statutes § 52-102, they cannot be cited into the case for the purposes of apportionment.
General Statutes § 52-102 provides as follows:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
Under General Statutes § 52-572h, apportionment is only permitted among actual parties to the action. See Barret v.Scozzofava, 12 Conn. L. Rptr. 657 (Oct. 31, 1994, Sullivan, J.);Howard v. Cappellan, 2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.). The purpose of the apportionment provisions of Tort Reform II, General Statutes § 52-572h, was to eliminate the CT Page 8160 doctrine of joint and several liability and provide a system whereby a party is liable only for his proportionate share of damages. See, Baker v. Franko, 7 Conn. L. Rptr. 622, 623 (November 25, 1992, Fuller, J.) (clear intent and policy of tort reform is that defendant should only be saddled with the portion of damages caused by his negligence); Lombardi v. Johnstone,4 CSCR 386 (April 17, 1989, Healey, S.T.R.) (Tort Reform II established system of liability in proportion to defendant's share of fault). "[T]he proper vehicle [for a defendant] to make [a person] a party in the original action for the purpose of apportionment of damages, as provided for in General Statutes § 52-572h(c), is a motion to cite in pursuant to § 52-102, accompanied by an order that the plaintiff amend his complaint to state [the proposed defendant's] interest in the action and to summon him to appear as a defendant." White v. B.J.W. CarRental, 8 CSCR 565 (May 3, 1993, Sullivan, J.); see also Stowe v. McHugh, 12 Conn. L. Rptr. 485 (September 29, 1994, West, J.). A request for apportionment of liability by the defendant is not a claim asserting monetary damages against the proposed defendant, but seeks only to apportion the defendant's share of responsibility with the other potentially responsible parties. See Vinci v. Sabovic, 8 Conn. L. Rptr. 495 (March 16, 1993, Rush, J.) (additional defendants against whom statute of limitations bars claim for monetary damages maybe cited in for claim of apportionment because apportionment claim "does not seek to impose monetary damages upon the additional defendants");Kennedy v. Martinez, 7 Conn. L. Rptr. 354 (September 17, 1992, Rush, J.) (same proposition).
As noted, the plaintiffs object to the present motion, arguing that parental immunity prohibits any claims for apportionment against them.
 "`It is clear from the language of the [tort reform statutes] that the jury is entitled to attribute and divide the percent age of negligence only among parties to the action.'" Bradford v. Herzig, 33 Conn. App. 714, 723, 638 A.2d 608 (1994). There is a split of authority as to whether a person who is immune from liability pursuant to the parental immunity doctrine may be cited in as a party defendant for purposes of apportioning liability. See, e.g., Brozdowski v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. 237
(September 21, 1992, Katz, J.) (holding that the parental immunity doctrine does not prevent the trier CT Page 8161 from considering a parent's negligence for purposes of apportioning liability), and Waddicor v. Bozrah Light Power Co., 9 Conn. L. Rptr. 190 (June 28, 1993, Teller, J.) (holding that the parental immunity doctrine is a bar to a claim for apportionment, asserted against the parent of an injured child)."
DiCicco v. Walgreen Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0288517 (Jan. 11, 1995, Ballen, J.).
In Bueno v. Duva, 7 CSCR 919 (July 9.[,] 1992, Fuller, J.) the parent of a minor plaintiff brought an action on behalf of the minor, claiming injuries sustained when the minor was struck by the defendant's automobile. The parent, on his own behalf, also claimed reimbursement for his child's medical expenses. The defendant filed a counterclaim against the plaintiff-parent seeking, inter alia, apportionment of damages claimed by the child. The plaintiff moved to strike the claim for apportionment on the ground that such a claim was barred because, under the doctrine of parental immunity, the child could not assert the parent-plaintiff's negligence. In holding that the parent's negligence could be considered for apportionment in the action by the minor child, the court held that General Statute § 52-572h
 requires the trier to determine the percentage of negligence attributable to the claimant and the percentage of negligence attributable to each party whose negligent actions were a proximate cause of the injury. In addition, section 52-572h(c) provides that "each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic" and noneconomic damages. This suggests that the negligence of the parent is considered (provided the parent is a party) when a trier determines the percentages of negligence under subsection (f), and the proportional share of damages for which the defendant is liable under subsection (d), even though the child cannot recover against the parent because of the parental immunity doctrine. . . . The negligence of the parties will be considered at the trial regardless of the counterclaim to the extent provided by section 52-572h.
Similarly, in Haims v. Omni Fitness Equipment Specialists,
CT Page 81628 CSCR 268 (February 18, 1993, Fuller, J.) the plaintiff father brought an action on behalf of his minor child, seeking damages the minor sustained when he caught his hand in a treadmill operated by the father and manufactured by the defendant. The father also sought reimbursement of medical expenses. The defendant moved to cite in both the mother and father as party defendants, claiming the parents' negligent supervision was a basis for apportionment, and the plaintiff objected on the ground of parental immunity. The court denied the motion to cite in, holding that
 [s]ince one of the parents is already a party and the other parent cannot be joined as a defendant, neither of them can be added as parties under section 52-102
or its counterpart in section 85 of the Practice Book. Assuming the evidence at trial shows that some negligence on the part of Daniel Haims may have contributed to the injury to his child, his proportional share of liability can be considered by the trier under section 52-572h even though no judgment can be entered against him.
Id. Because the mother did not join with the child's father in bringing the complaint on behalf of the minor child, the court denied the motion to cite in the mother relying on the prohibition section 52-102 against citing in immune persons.
In the present case, the plaintiffs have made no independent claim for reimbursement of medical expenses, but they are plaintiffs in the case as next friends of the minor plaintiff. "It is well established that a child may bring a civil action only by a guardian or next friend, whose responsibility it is to `ensure that the interests of the ward are well represented.'Cottrell v. Connecticut Bank Trust Co., 175 Conn. 257, 261,398 A.2d 834 (1978); Collins v. York, 159 Conn. 150, 153,267 A.2d 668 (1970)." Orsi v. Senatore, 230 Conn. 459, 466-67,645 A.2d 986 (1994). In order to serve as next friend, "no previous appointment by the court is required, and the prochein ami named in the writ is permitted to appear and prosecute in the infant's name. . . ." McCarrick v. Kealy, 70 Conn. 642, 646, 40 A. 603
(1898); see also Orsi v. Senatore, supra, 230 Conn. 466-67.
As noted above, the proper method to make a person a party in the original action for the purpose of apportionment of damages is a motion to cite in accompanied by an order that the CT Page 8163 plaintiff amend his complaint to state the proposed defendant's interest in the action and to summon him to appear as a defendant. White v. B.J.W. Car Rental, supra, 8 CSCR 565. With respect to the present motion to cite in, it would be anomalous to order the plaintiffs to amend their complaint in order to state their interest in and summon themselves to appear as defendants in the action which they are prosecuting on behalf of their daughter. However, as parties to the action, the trier is entitled to determine the plaintiffs percentage of fault under General Statutes § 52-572h, even though no judgment may be obtained against them. See Haims v. Omni Fitness EquipmentSpecialists, supra, 8 CSCR 268; Bueno v. Duva, supra,7 CSCR 920. Accordingly, the court denies the defendant's motion to join with respect to Robert Mitchell, III, and Jodi Mitchell, based on allegations of negligence.
The defendant also sought to join the plaintiff/father as a defendant for the purposes of apportionment, based on allegations of reckless conduct. In Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782, 610 A.2d 1277 (1994), the court held that "[b]y its own terms, the comparative negligence statute applies only to `causes of action based on negligence.' General Statutes 52-572h(b)." See also Belanger v. Village PubI, Inc., 26 Conn. App. 509, 513 (1992). Because General Statutes § 52-572h only applies to negligence actions, courts have held that apportionment of fault pursuant to § 52-572h may only be accomplished between negligent parties. See Lodge v.Arett Sales Corp., Superior Court, judicial District of Waterbury, Docket No. 098122 (March 17, 1995, Pellegrino, J.) (no apportionment based on allegations of willful and reckless conduct; General Statutes § 52-572h applies only to negligent conduct); Ashe v. Konover, 12 Conn. L. Rptr. 13, 14 (June 22, 1994 Sullivan, W.J.) (no apportionment between negligent and intentional tortfeasors); Gellenbeck v. Laz Parking, Ltd.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0399848 (January 31, 1994 Aurigemma, J.);Storti v. Crystal Mall Assoc. Ltd. Partners, 8 CSCR 922 (August 10, 1993, Teller, J.); DeFusco v. Schweitzer, 8 CSCR 1078, 1081
(September 14, 1993, Hennessey, J.). Accordingly, the defendant's motion to cite in the father based on allegations of reckless conduct is denied on this ground, as well.
The grandfather Robert Mitchell, Jr. is not a party to the present action, nor is the grandfather entitled to assert the doctrine of parental immunity. The plaintiffs did not object to CT Page 8164 the motion to cite in with respect to Robert Mitchell, Jr. Therefore, the defendant's motion is granted with respect to the grandfather, Robert Mitchell, Jr, and the plaintiffs are hereby ordered to amend their complaint accordingly.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN