[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff initiated this suit by writ and complaint dated November 6, 2000, as the mother and best friend of a minor child, Daniel Sentell, against Franklin Hull and Barbara Hull, the child's grandparents. The complaint generally alleges that the minor was injured when he fell from a defective swing attached to a tree on October 31, 2000. The complaint alleges that the defendants were careless and negligent in numerous ways including failure to supervise the plaintiff and to remove the swing from the tree.
The defendants filed a Motion to Dismiss on June 26, 2001. A hearing was held on the same before the court on May 15, 2002. The motion had been argued before a different judge earlier. No decision was reached. The parties agreed to reargue the matter before the undersigned anew.
Both parties were ably represented by counsel who had complied with all the rules and thoroughly briefed the issues.
The defendants' claim in their motion is that the court lacks "jurisdiction over the subject matter." However, the issue of first impression briefed and argued by the parties is whether parental immunity extends to the defendants who are the natural grandparents. In her brief, the plaintiff has suggested that the Motion to Dismiss may not be the appropriate procedure to raise that issue. But since then an exhibit CT Page 9420 has been introduced into the record at the hearing and the parties have stipulated as to some facts. Even though a Motion to Dismiss may not have originally been the appropriate motion with which to raise this issue, the parties have not raised that objection in oral argument and have clearly submitted this issue for decision. The court under those circumstances will treat it as the parties have (essentially as a Motion for Summary Judgment) and address the same. The court is not disposed to exalt technicality but to facilitate judicial proceedings. In a different context, it has often been said that the day has long passed when "courts are to be considered citadels of technicality." (Internal quotations omitted.) Kotteakos v. United States, 328 U.S. 750, 759 (1946).
In the complaint it is alleged that the plaintiff is the biological mother and "best friend" of the minor plaintiff Daniel. At the hearing, the parties have both presented certain facts with respect to the issue raised. Daniel was born in 1991. In about 1995, through the Department of Children and Families, he was removed from the plaintiff's custody and placed with the defendants, his maternal grandparents, who then both became his foster parents. Daniel has remained physically in their care and custody living with both of them from that time to the present. On July 26, 2000, the Juvenile Division of the Superior Court terminated the plaintiffs parental rights and placed legal guardianship with the defendant Barbara Hull, maternal grandmother. (Def. Exh. 1.) No documentation has been offered to the court as to the present legal status of the defendant Franklin Hull after July 26, 2000 with respect to Daniel, although the counsel for the defendant orally argued at the hearing that he would have remained a foster parent. Counsel claimed nevertheless that since they were husband and wife, he would be entitled to any immunity the law afforded Mrs. Hull. Daniel's fall and injury occurred about three months after the transfer of legal guardianship.
Defendants acknowledge they know of no Connecticut case on point to resolve the issue but advance the argument that both the underlying rationale of the parental immunity common law doctrine and statutory interpretation should lead the court to adopt their view. They citeAscuitto v. Faricielli, 244 Conn. 692 (1998), where the court said at page 701, "Traditional models of the nuclear family have come, in recent years, to be replaced by various configurations of parents, step-parents, adoptive parents and grandparents. . . ." But that case involved whether a child should be allowed to testify in a personal injury action and is not persuasive in this factual situation. Moreover, the citation to the Superior Court case of Bricault v. Deveau,21 Conn. Sup. 486 (1960), where the doctrine of parental immunity was extended to a step-father, who stands in loco parentis to a minor, will CT Page 9421 not avail the defendant because it was clear there that the court held it was a factual matter to be pursued by a special defense and determined by a jury.
The defendant has also cited a Georgia and a Michigan case which are not persuasive with regard to the common law of Connecticut where the doctrine of parental immunity has been restricted rather than enlarged. See Overlock v. Ruedemann, 147 Conn. 647 (1960); Mitchell v.Ensign-Bickford Haz-Pros., Inc., 1995 Ct. Sup. 8158 (1995) (Sullivan, J.).
The defendants have cited the court to Section 45a-616, Connecticut General Statutes (CGS) which deals with the appointment of guardians by the Probate Court and does not assist the defendants in their arguments. Section 17a-114a. CGS, to which the defendants also refer, gives the immunity only to licensed or certified foster parents and under the facts presented here does not avail the defendants. There are no facts here, at this stage of the case, to bring either of the defendants under this statute's coverage.
Accordingly, whether the court were to consider this matter as a Motion for Summary Judgment, (as the parties seemed to at oral argument), or as a Motion to Dismiss to which the plaintiff objected in her brief, the court will DENY THE MOTION, without prejudice to the defendants raising the issue at a later time in the case where the factual matters can be determined by the trier of fact.
Leuba, J.